# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SALEEM EL-AMIN,**

      Petitioner,

  v.            CASE NO. 18-3152-JWL

**N.C. ENGLISH,**

      Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner was convicted in the District of Columbia and is incarcerated at the United States Penitentiary, Leavenworth, Kansas. He proceeds pro se, and the Court grants leave to proceed in forma pauperis.

## Background

Petitioner was convicted in the Superior Court of the District of Columbia of one count of armed robbery. In November 2014, he was sentenced to a term of 120 months. *See El-Amin v. United States*, 2016 WL 2866852 (Ct. Fed. Cl. May 11, 2016); *El-Amin v. Downs*, 272 F.Supp. 3d 147 (D.D.C. Aug. 9, 2017).

In September 2017, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241 in the District of Columbia. The matter was transferred to the U.S. District Court for the Southern District of West Virginia, where petitioner then was confined. In that action, petitioner sought relief on the grounds (1) the District of Columbia Court of Appeals did not have jurisdiction because the government failed to file a jurisdictional statement; (2) there was a conspiracy to deny his Sixth Amendment right to a jury trial; (3) there was a

failure to provide beyond a reasonable doubt the element of armed robbery; (4) there was a violation of due process; (5) ineffective assistance of counsel; and (6) lack of jurisdiction. In addition, he argued that the remedy under D.C. Code § 23-110, a statute equivalent to 28 U.S.C. §2255, was inadequate on three grounds: (1) a federal court's jurisdiction is not defeated by state court proceedings; (2) the District of Columbia Court of Appeals lacks jurisdiction; and (3) ineffective assistance of appellate counsel.

On June 5, 2018, the District Court for the Southern District of West Virginia held that petitioner had shown no grounds to proceed under 28 U.S.C. § 2241 and dismissed the petition without prejudice. *El-Amin v. United States*, 2018 WL 2728034 (S.D.W.Va. June 5, 2018).

On June 20, 2018, petitioner commenced the present action. He again argues that D.C. Code § 23-110 is inadequate, and he challenges his confinement based upon ineffective assistance of appellate counsel. He seeks an evidentiary hearing and release from custody.

**Analysis**

The Court must review a petition for habeas corpus promptly and must summarily dismiss a petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts.

A petition under 28 U.S.C. § 2241 generally is filed to challenge the execution of a sentence and is filed in the district of the petitioner's confinement. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). In addition, under limited circumstances, a federal

---

[1] Under Rule 1(b), the district courts may apply the Rules Governing 28 U.S.C. §2254 Cases to a petition filed under 28 U.S.C. § 2241.

prisoner may file a petition under § 2241 if the motion remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

As a prisoner convicted in the District of Columbia, petitioner may seek relief from his conviction under D.C. Code § 23-110. Section 23-110(g) is recognized as "nearly identical and functionally equivalent to [28 U.S.C.] § 2255" and, accordingly, courts may "rely on cases construing the federal rule" when applying that provision. *Butler v. United States*, 388 A.2d 883, 886 n. 5 (D.C. Cir. 1978). That section provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

Here, petitioner correctly argues that he cannot present his claim of ineffective assistance of appellate counsel under § 23-110. *See Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987)(en banc)(stating that trial judges may not review appellate proceedings under § 23-110 because "the Superior Court should not have authority to rule on the constitutionality of an appellate proceeding"). Instead, "[i]n the District of Columbia, challenges to the effectiveness of appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate." *Reyes v. Rios*, 432 F.Supp. 2d 1, 3 (D.D.C. 2006)(citing *Watson*, 536 A.2d at 1060-61; D.C.

App. R. 41(c)). Such a motion is the "recognized route to obtaining federal court review of challenges to appellate counsel's performance." *Graham v. FCC Coleman USP II Warden*, 2016 WL 2962190 *4 (D.D.C. May 20, 2016).

In *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009), the District of Columbia Circuit held that a prisoner alleging ineffective assistance of appellate counsel may proceed in federal court under "the standard set forth in 28 U.S.C. § 2254" because that claim is not cognizable under D.C. Code § 23-110. *Williams*, 586 F.3d at 1002. Therefore, petitioner may present the claim of ineffective assistance of appellate counsel in a petition under 28 U.S.C. § 2254. *See Smith v. United States*, 2000 WL 1279276, *1 (D.C. Cir. Aug. 23, 2000)(per curiam)(A "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law" and a challenge to that conviction is "properly brought under 28 U.S.C. § 2254."). Petitioner may proceed in the District Court for the District of Columbia. *See, e.g., McCoy v. Thomas*, 195 F.Supp. 3d 1 (D.D.C. 2016)(§ 2254 petition alleging ineffective assistance of appellate counsel brought by D.C. offender housed in Lewisburg, PA) and *Lane v. United States*, 2015 WL 6406398 (D.D.C. Oct. 21, 2015)(same filed by D.C. offender housed in Inez, KY).

**Conclusion**

Petitioner may pursue his claim alleging ineffective assistance of appellate counsel in a habeas corpus petition filed under 28 U.S.C. §2254 in the district of his conviction. Because he has an available

remedy, this action filed under 28 U.S.C. § 2241 must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed.

IT IS FURTHER ORDERED petitioner's motions for leave to proceed in forma pauperis (Docs. #2 and #6) are granted.

IT IS FURTHER ORDERED petitioner's motion for release on recognizance bond (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED:  This 2nd day of July, 2018, at Kansas City, Kansas.

                                      S/ John W. Lungstrum
                                      JOHN W. LUNGSTRUM
                                      U.S. District Judge